UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00017

JONI D. JELLETICH,                                              Plaintiff

v.

RHONDA J. PAWLAWSKI, and
BOBBY PAWLAWSKI                                                 Defendants

v.

BRECK JELLETICH,                                                Third-Party Defendant

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon several motions. First, Plaintiff Joni D. Jelletich and her husband, Third-Party Defendant Breck Jelletich, have filed a motion to dismiss the claim for conversion as filed in the Defendants' Counterclaim and in the Third-Party Complaint. (Docket No. 16). Defendants have responded, (Docket No. 17) and movants have replied, (Docket No. 19). Second, Plaintiff and Third-Party Defendant have filed a Motion to File Supplemental Sur Reply (Docket No. 22). Defendants have responded, (Docket No. 23), and Plaintiff and Third-Party Defendant have replied, (Docket No. 30). Third, Defendants have filed a Motion to Amend Answer (Docket No. 25). Fourth, Defendants have filed a Motion to Strike and Alternative Motion for Leave to File Supplemental Response (Docket No. 34). Plaintiff and Third-Party Defendant have responded, (Docket No. 37). Certainly, these matters are now fully briefed and ripe for adjudication. For the following reasons, Plaintiff and Third-Party Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**, Plaintiff and Third-Party Defendant's Motion to File Supplemental Sur Reply is **DENIED**; Defendants'

1

Motion to Amend Answer is **GRANTED**; and Defendants' Motion to Strike and Alternative Motion for Leave to File Supplemental Response is **DENIED**.

## BACKGROUND

Plaintiff Joni Jelletich initiated this litigation, contesting the will and amended trust of her mother, Lorna Dancliff ("Dancliff"). (Docket No. 1). Defendant Rhonda Pawlawski[1] ("Pawlawski") is Joni Jelletich's sister and Dancliff's daughter. Pawlawski responded with a Counterclaim against Joni Jelletich ("Jelletich") and a Third-Party Complaint against Joni's husband and Third-Party Defendant, Breck Jelletich. (Docket No. 6). Plaintiff and Third-Party Defendant ("Movants") have filed a motion to dismiss the claim of conversion. (Docket No. 16).

On January 5, 2007, Lorna Dancliff and her husband William Dancliff executed the Dancliff Family Trust for the benefit of themselves and their three children, including Jelletich and Pawlawski. The Dancliffs named themselves as trustees. (Docket No. 16-1). On January 7, 2008, Lorna Dancliff designated Pawlawski as her Power of Attorney. (Docket No. 1-6). The Trust was amended a total of four times. It was first amended on January 15, 2008 after the death of William Dancliff, to add Pawlawski as Co-Trustee. (Docket No. 16-2). The Trust was amended a second time on March 4, 2008, (Docket No. 1-2), indicating that the balance of the Estate should be distributed with 50% to Pawlawski and 50% to Jelletich. (Docket No. 1-2).

After the death of her husband in January of 2008, Dancliff moved from Utah to Arizona to live with Jelletich. (Docket No. 1). In the summer of 2009, Dancliff underwent a clinical neurological evaluation and was diagnosed with moderate dementia impairment and was prescribed several medications. *Id.*. In the summer of 2010, Dancliff traveled to Kentucky to visit Pawlawski, and remained in Kentucky. The parties contest whether Dancliff's decision to

---

[1] Rhonda Pawlawski is also referred to as Rhonda Bennett. The Court will refer to her consistently as Rhonda Pawlawski.

remain in Kentucky was voluntary. On September 13, 2010, Dancliff signed a Third Trust Amendment to the Dancliff Family Trust, indicating that the balance of the Estate shall be distributed to Pawlawski only, thus removing Jelletich's benefits under the Trust. (Docket No. 1-4). Finally, on June 17, 2011, Dancliff signed a Fourth Amendment to the Trust, resigning as Trustee and designating Pawlawski as Sole Trustee. (Docket No. 1-5). Dancliff died on October 10, 2013. (Docket No. 1).

Plaintiff contests the validity of the Third and Fourth Amendments to the Trust, alleging that Dancliff was "cognitively impaired from meaningfully appreciating the consequences of her financial actions" and that the Defendants exerted undue influence on her. (Docket No. 1). Defendants' Counterclaim/Third-Party Complaint alleges civil conspiracy, conversion, and tortious interference with inheritance rights. Movants' Motion to Dismiss involves only the claim of conversion. In support of that claim, Defendants allege that between January of 2009 and March of 2010, Joni and Breck Jelletich removed funds from accounts at Charles Schwab and Bank of America, denying the rights of "Lorna J. Dancliff and Rhonda J. Pawlawski, individually and as Trustees." (Docket No. 6). The account at Charles Schwab is part of the Danfield Family Trust. (Docket No. 16-1). It is unclear whose property the account at Bank of America is, though Plaintiffs note that it "appear[s] to be titled in the name of Lorna Dancliff." (Docket No. 19).

**STANDARD**

The Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a claim or case because the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b). When considering a

3

Rule 12(b)(6) motion to dismiss, the court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency, Inc.*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id*. (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted). A complaint should contain enough facts "to state a claim to relief that is plausible on its face." *Id*. at 570. A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If, from the well-pleaded facts, the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 1950 (citing Fed. R. Civ. P. 8(a)(2)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*.

Although Rule 12(b) does not specifically address motions to dismiss based on the alleged expiration of the applicable statute of limitations, a complaint that shows on its face that relief is barred by the affirmative defense of the statute of limitations is properly subject to a

4

Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *City of Painesville, Ohio v. First Montauk Fin. Corp.*, 178 F.R.D. 180, 193 (N.D.Ohio 1998). A statute of limitations defense essentially signifies that the face of the complaint contains an insurmountable bar to relief, indicating that the plaintiff has no claim. S*ee Ashiegbu v. Purviance*, 76 F.Supp.2d 824, 828 (S.D. Ohio 1998) (*citing Rauch v. Day & Night Mfg.*, 576 F.2d 697, 702 (6th Cir. 1978)).

## INITIAL MOTIONS

Movants filed a Motion to File Supplemental Sur Reply, (Docket No. 22), for the Court to consider in ruling on the Movants' Motion to Dismiss (Docket No. 16). The basis of Movants' Motion is new evidence bearing on the statute of limitations issue raised in their Motion to Dismiss. Movants attach a copy of Certified Records from the Pima County Sheriff's Department, acquired through subpoena, which they allege confirm that the Defendant "personally reported to the Pima County Sheriff's Department on July 21, 2010, those same conversion claims, she next raises approximately 3-1/2 years later . . ." (Docket No. 22). In their response, Defendants argue that the Court should not consider factual allegations outside the pleadings as grounds for granting the motion to dismiss. Defendants request additional time to present facts and evidence.

On a motion to dismiss, a court may accept "matters outside the pleadings," but in doing so it generally must treat the motion "as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "Where the evidence 'captures only part of the incident and would provide a distorted view of the events at issue,' we do not require a court to consider that evidence on a 12(b)(6) motion." *Id. (citing Passa v. City of Columbus, 123 Fed. Appx. 694, 697 (6th Cir. 2005).* The proposed additional information appears straightforward in indicating that Defendant Jelletich

did have knowledge of the Bank of America claim of conversion as early as July 21, 2010. If this is the case, she may have a difficult time making an argument to toll the statute of limitations based on the combination of her lack of knowledge of the incident and Dancliff's incapacity. However, the Court is concerned that considering this new information at this stage may provide a "distorted view of the evidence." Thus, the Court will **DENY** Movants' Motion to Supplement Sur Reply. This information would be appropriate for the Court to consider on a Motion for Summary Judgment at the appropriate time.

Additionally, Defendants filed a Motion to Strike and Alternative Motion for Leave to File Supplemental Response, (Docket No. 34). As the Court is not considering the information provided in the Movants' Motion to File Supplemental Sur Reply at this point, Defendants Motion to Strike and Alternative Motion for Leave to File Supplemental Response is DENIED AS MOOT. Similarly, this information would be appropriate for the Court to consider on a summary judgment motion at the appropriate time.

Finally, as Defendants' Motion to Amend Answer, (Docket No. 25), is made within the Court's timeframe, it is **GRANTED**.

## MOTION TO DISMISS

The Movants argue that because the events in question occurred between January of 2009 and March of 2010, the claim of conversion is barred by the statute of limitations. They note that regardless of whether Kentucky or Arizona law applies,[2] the statute of limitations is two years. Movants are correct. Under Kentucky law, an action for conversion "shall be commenced within two years from the time the cause of action accrued." *Madison Capital Co., LLC v. S&S Salvage, LLC*, 765 F. Supp. 2d 923, 931-32 (W.D. Ky. 2011); K.R.S. § 413.125. Similarly,

---

[2] It appears as though both accounts are located in Arizona, while the Trust is located in Kentucky. Neither party briefed the conflict of laws issue, and, as the applicable statute of limitations are the same, the Court will not determine which law applies at this time.

6

under Arizona law, "there shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions: . . . [f]or detaining the personal property of another and for converting such property to one's own use." A.R.S. § 12-542(5).

However, Defendants respond that the statute of limitations is tolled both by: 1) Dancliff's mental incapacity and, 2) under A.R.S. § 12-501 because Movants left the state of Arizona. (Docket No. 17).

### I.  Lorna Dancliff's Mental Incapacity

Defendants allege that the statute of limitations is tolled because of Dancliff's mental incapacity. (Docket No. 17). Movants respond that any tolling based on mental incapacity is inapplicable to claims based on any account not held solely by Dancliff. (Docket No. 19). Because the account at Charles Schwab is part of the Danfield Family Trust, Pawlawski is a Co-Trustee of that account. (Docket No. 16-1). Thus, her claim for this account, or any claim brought in her name individually, is time barred.

As for the Bank of American account, which appears to have been held individually by Dancliff, Movants agree with the Defendants that "to the extent [Defendant] contends she can prove [that Dancliff] was suffering a legal disability . . . that limited part of the conversion claim can survive a motion to dismiss." (Docket No. 19).

The Court agrees that Dancliff's mental incapacity could not toll the statute of limitations for the Charles Schwab account, of which Pawlawski was a Co-Trustee, or for any claim brought in Pawlawski's name individually. However, because both parties appear to agree that the claim regarding the Bank of America account may be tolled by Dancliff's incapacity, the Court will deny the Motion on that issue at this time.

### II.  ARS § 12-501

7

Defendants allege that at some point after the events in question, the Movants moved from Arizona to California. Defendants argue that claims brought in Pawlawski's capacity as beneficiary of the Dancliff Family Trust and as Trustee of said Trust may be tolled by A.R.S. § 12-501, "which tolls the statute of limitations period as to claims brought against Joni and Breck due to their absence from the state of Arizona." (Docket No. 17). Defendants note that "because discovery is still ongoing it has not yet been determined when [Movants] left Arizona and when the statute of limitations ceased to run." *Id.*.

The statutory provision reads, "[w]hen a person against whom there is a cause of action is without the state at the time the cause of action accrues or at any time during which the action might have been maintained, such action may be brought against the person after his return to the state. The time of such person's absence shall not be counted or taken as a part of the time limited by the provisions of this chapter." A.R.S. § 12-501. However, Arizona case law makes it clear that "the terms 'without the state' and 'absence' . . . mean out of the state in the sense that service of process in any of the methods authorized by rule or statute cannot be made upon the defendant to secure personal jurisdiction by the trial court." *Selby v. Karman*, 521 P. 2d 609, 611 (Ariz. 1974). Defendants have not alleged that a state or federal court in Arizona could not have obtained jurisdiction over the Movants as a result of their move to California. Further, Arizona's long-arm statute would have permitted Defendants to obtain service over Movants even while they lived in California. *See Meyers v. Hamilton Corp*, 693 P. 2d 904, 906 (Ariz. 1984) ("Arizona's long arm statute provides in part that jurisdiction may be exercised over a nonresident defendant 'which has caused an event to occur in this state out of which the claim which is the subject of the complaint arose.'") (citing Rule 4(e)(2), Arizona Rules of Civil Procedure, 16 A.R.S). The tolling statute will not preserve these claims.

Therefore, Movants' Motion to Dismiss Defendants' conversion claim is **DENIED** as to the Bank of America account, and is **GRANTED** as to the Charles Schwab account.

**CONCLUSION**

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that:

1) Plaintiff and Third-Party Defendant's Motion to Dismiss Defendant's Counterclaim/Third-Party Complaint Asserting Claims for Tortious Conversion, (Docket No. 16), is **GRANTED IN PART** and **DENIED IN PART**.

2) Plaintiff and Third-Party Defendant's Motion to File Supplemental Sur Reply, (Docket No. 22), is **DENIED.**

3) Defendants' Motion to Amend Answer, (Docket No. 25), is **GRANTED**.

4) Defendants' Motion to Strike and Alternative Motion for Leave to File Supplemental response, (Docket No. 34), is **DENIED**.